IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK LAMBEY,

      Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF INSURANCE, et al.,

      Defendants.

Civ. No. S-11-2392 KJM KJN

ORDER

      This case was on calendar on December 14, 2011 for argument on defendants' motion to dismiss. Bart Hightower, Deputy Attorney General, appeared for defendants; Daniel Karalash appeared for plaintiff.

I. Background

      On July 8, 2011, plaintiff filed a complaint in Sacramento County Superior Court raising the following causes of action against the California Department of Insurance (CDI) and Eric Weirich, Rick Plein, and Martin Gonzalez, all of whom work for CDI: (1) discrimination based on race, in violation of Cal. Gov't Code § 12940, *et seq* (FEHA); (2) failure to prevent racial discrimination in violation of Cal. Gov't Code § 12940(k); and (3) racial discrimination in violation of 42 U.S.C. § 1983. The complaint alleges generally that defendants discriminated against plaintiff Lambey, who is from Belize, by failing to promote him, refusing to approve his

1

hardship transfer to Sacramento, assigning him a less desirable state car, and refusing to give him extra pay when he was an acting captain, among other things. ECF No. 1-1 at 1-20.

On September 9, 2011, defendant CDI removed the case to this court, alleging that it was served on August 5, 2011, but that the individual defendants had not yet been served. ECF No. 1.

On September 28, 2011, plaintiff filed executed summonses for the individual defendants. ECF Nos. 4-6.

On November 3, 2011, defendants filed a motion to dismiss or for a more definite statement.

II.  <u>Standards For A Motion To Dismiss</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (FED. R. CIV. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

/////

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III. <u>Analysis</u>[1]

    1. <u>Individual Liability For FEHA Violation</u>

The individual defendants argue that a claim of discrimination under California Government Code § 12940(a) may be brought against the employer, but not against the individual supervisor or co-worker. They are correct. In *Reno v. Baird*, 18 Cal.4th 640, 643 (1998), the California Supreme Court held that "the FEHA . . . allows persons to sue and hold liable their employers, but not individuals" for alleged discriminatory actions. This court must apply California authority over these state law claims. *See Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1220 (C.D. Cal. 2004). The motion to dismiss plaintiff's claimed violation of § 12940(a) asserted against the individual defendants is granted with prejudice.

/////

---

[1] As defendants have conceded that their Eleventh Amendment challenge is not viable, the court deems it withdrawn. *Lapides v. Board of Regents*, 535 U.S. 613 (2002); ECF No. 12.

2. <u>Failure To Prevent Discrimination</u>

Section 12940(k) of the California Government Code penalizes an employer who fails to "take all reasonable steps necessary to prevent discrimination or harassment from occurring." Defendants argue that the statute does not create a private right of action and relies on a precedential decision of the Fair Employment and Housing Commission (FEHC), *Department of Fair Employment and Housing v. Lyddan Law Group, LLC*, et al., No. 10-04-P (10/19/10).[2]

The court does not read this case as broadly as defendants do. In *Lyddan*, the FEHC held that "the DFEH may prosecute a 'stand alone' failure to take all reasonable steps as an independent statutory violation of Government Code section 12940, subdivision (k), with the important limitation that we do not find that such a cause of action exists as an independent claim for private litigants." *Lyddan* at 16. This is consistent with case law, which found that a 12940(k) claim could not proceed in the absence of an underlying discrimination claim. *See Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1174 n.4 (9th Cir. 2001); *Trujillo v. Transit Dist.*, 63 Cal.App.4th 280, 286-89 (1988). The instant case does not present a "stand alone" claim for failure to prevent discrimination. The discrimination claims against CDI remain in the case, as do the § 1983 action against the individual defendants alleging discrimination, as discussed below. Because the claim based on failure to prevent discrimination is not a "stand alone" claim, plaintiff has a private right of action under the statute.

/////

/////

---

[2] The court denies defendants' request that the court take judicial notice of this decision, which they have provided. ECF No. 7-3. *But see Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (judicial notice of records of administrative bodies). This decision is not an adjudicative fact, but rather is offered for its precedential value. Although the court declines to notice the decision judicially, it will consider it in resolving the motion to dismiss.

### 3. The § 1983 Claim

Defendants allege that CDI and the individual defendants, sued in their official capacities, are not "persons," subject to liability under 42 U.S.C. § 1983. They are correct. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64-66 (1989) (states, state agencies and state officials sued in their official capacities are not persons subject to civil rights suits).

The complaint does not specify, however, whether the individual defendants are sued in their individual or official capacities or both. A state official sued in his individual capacity is a "person," because the state is not substituted in his stead. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). When the complaint does not specifically allege that a person is sued in his official or individual capacity, the court looks to the balance of the complaint in making that determination. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). There is a presumption that a suit seeking damages from a state official is an individual capacity suit. *See Shoshone Bannock Tribes v. Fish & Game Commission*, 42 F.3d 1278, 1284 (9th Cir. 1994). Defendants have pointed to nothing in the complaint suggesting that the suit against the individuals is an official capacity suit only.

### 4. Motion For A More Definite Statement

A motion for a more definite statement under Rule 12(e) "should not be granted unless the defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981). Defendants provide no argument, apart from the legal challenges discussed above, supporting their claim that they are unable to answer the complaint.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 7) is resolved as follows:

1. The individual defendants are dismissed with prejudice from the first cause of action (FEHA claim);

2. The Department of Insurance is dismissed with prejudice from the third cause of action (§ 1983 claim); and

3. The motion is denied in all other respects.

DATED: January 5, 2012.

_____
UNITED STATES DISTRICT JUDGE