IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

PATRICK LAMBEY,

                  Plaintiff,                 No. 2:11-cv-02392-KJM-KJN

      vs.

CALIFORNIA DEPARTMENT OF
INSURANCE, ERIC WEIRICH, RICK
PLAIN, MARTIN GONZALEZ, and
DOES 1-100,

                  Defendants.         <u>ORDER</u>
_____/

        This matter is before the court on plaintiff's motion to amend his complaint, which alleges defendants engaged in unfair employment practices because of plaintiff's race and national origin.  The motion was decided without a hearing.  For the reasons below, the court DENIES plaintiff's motion.

I.      BACKGROUND

        In plaintiff's original complaint, he alleges that on July 27, 2010, while employed as a sergeant in the Benicia Regional Office of the California Department of Insurance ("CDI") Fraud Insurance Bureau, he interviewed to be promoted to the position of captain.  (Compl., ECF 1-1 ¶ 13.)  He alleges that although he was well-qualified to be promoted, the position was given to another, less qualified candidate.  (*Id.* ¶ 15.)  Plaintiff

alleges this was due to racial discrimination:  plaintiff is an African-American originally from

Belize and the individual hired as captain is Caucasian.  (*Id.* ¶¶ 1, 15)  Plaintiff alleges there is a

"systematic series of ongoing and continuous acts on the part of Defendants that set apart

[plaintiff] on the basis of his color and national origin," including denials of promotions in

2000 and 2004, and of a request to transfer in 2005.  (*Id.* ¶¶ 20–33.)  Plaintiff alleges he has

experienced discriminatory treatment and harassment based on his national origin, and details

specific incidents in 2001 and 2007, and CDI's decision to give him an inferior vehicle.  (*Id.*

¶¶ 22, 31.)  He alleges that other African-American employees of CDI have also experienced

harassment and discrimination.  (*Id.* ¶¶ 43–45.)

    On May 9, 2011, plaintiff filed a complaint of discrimination with the California

Department of Fair Employment and Housing ("DFEH") and with the U.S. Equal Employment

Opportunity Commission ("EEOC").  (*Id.* ¶¶ 8–10.)  On May 13, 2011, DFEH closed the case

and issued a right-to-sue letter, and in June 2011 plaintiff requested a right-to-sue letter from

EEOC.  (*Id.*)

    On July 8, 2011, plaintiff filed his complaint in Sacramento County Superior

Court alleging three claims against all defendants.  He alleged claims of discrimination based

on race and failure to prevent racial discrimination and disparate treatment, in violation of

California Government Code § 12940, *et seq.* (*id.* ¶¶ 49–66.); and a claim of racial and national

origin discrimination under 42 U.S.C. § 1983 (*id.* ¶¶ 67–80).  On September 8, 2011,

defendants removed the action to this court under 28 U.S.C. § 1441(b).  (ECF 1 at 2.)

    On November 3, 2011, defendants moved to dismiss the complaint (ECF 7).

This court granted the motion in part on January 5, 2012, dismissing with prejudice all

individual defendants from the first cause of action, and dismissing with prejudice CDI from

the third cause of action.  (ECF 14).  The parties submitted a joint status report on January 9,

2012 (ECF 15), and the court held a status conference on January 19, 2012 (ECF 17).  On

February 6, 2012, the court issued the pretrial scheduling order, which required motions to

/////

/////

amend pleadings under Rule 15 to be heard no later July 13, 2012.[1]  (ECF 18 at 1.)  Discovery

was required to be completed no later than June 20, 2013.  (ECF 18 at 2.)

On May 24, 2013, plaintiff moved for leave to amend his complaint.  (ECF 19.)

Defendants filed opposition to the motion on June 14, 2013.  (ECF 20.)

II.    STANDARD

A party seeking leave to amend pleadings after the deadline specified in the

scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause"

standard.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  *See

also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).

Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's

consent."  This good cause evaluation "is not coextensive with an inquiry into the propriety of

the amendment under . . . Rule 15."  *Johnson*, 975 F.2d at 609.  Distinct from Rule 15(a)'s

liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence

of the moving party, *id.*, and that party's reasons for seeking modification.  *C.F. ex rel. Farnan

v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).  If the moving party was

not diligent, "the inquiry should end" and the motion to modify should not be granted.  *Zivkovic

v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609).

To demonstrate diligence under Rule 16, the movant may be required to show:

(1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his

noncompliance with a Rule 16 deadline is occurring, notwithstanding his diligent efforts to

comply, because of the development of matters which could not have been reasonably foreseen

or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in

seeking amendment of the Rule 16 order, once it became apparent that he could not comply

with the order.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal

citations omitted).  In general, a moving party's awareness of the existence of the facts and law

supporting their claim for a lengthy period prior to the motion to amend is incompatible with a

---

[1] The original written order inadvertently states this date as July 13, 2011.  Plaintiff's
motion for leave to amend comes nearly a year after the correct deadline.

3

finding of diligence.  *See Johnson*, 975 F.2d at 609; *Eckert v. City of Sacramento*, No. 07CV00825 GEB GGH, 2009 WL 3211278, at *2 (E.D. Cal. Sept. 30, 2009) (denying motion to amend where party was aware "for at least two years" of the facts and law upon which its new claim was based); *Wayson v. United States*, 231 F.R.D. 577, 578 (D. Alaska 2005) (denying motion to amend where plaintiff failed to explain the rationale for delaying the filing of his amendment until after the close of discovery).

If good cause exists, the party still has to satisfy Rule 15(a).  *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) for its explication of this order of operations).  Rule 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).

III.    ANALYSIS

Plaintiff seeks leave to amend to file an amended cross-complaint adding a fourth and separate cause of action for retaliation in violation of 42 U.S.C. § 2000e-3 against CDI and Doe defendants. [2]  (ECF 19.)  Plaintiff's motion comes more than a year after the

---

[2] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further

4

1    court's order on defendants' motion to dismiss, nearly a year after the scheduling order's

2    deadline for motions to amend the pleadings, and one month before the close of discovery.

3    Plaintiff claims that this motion is brought "well within the time constraints" imposed by the

4    scheduling order, because it requires "all substantive motions" to be heard before September

5    20, 2013.  (ECF 19-1 at 4.)  But plaintiff's motion is a motion to amend a pleading, not a

6    substantive motion, meaning the earlier deadline applies.

7             Plaintiff provides no explanation for his lengthy delay.  The facts he alleges

8    support a claim of retaliation were made known to plaintiff in August 2011, even before this

9    case was removed from state court, and he received a right to sue letter from the EEOC in

10   August 2012.  (ECF 19-1 at 2.)  Plaintiff himself asserts that "all material facts and causes of

11   action contained in Plaintiff's Amended Complaint fall within the operative facts contained in

12   the underlying action."  (ECF 19-1 at 4.)  Defendants' attorneys allege that plaintiff has

13   intimated he planned to amend the complaint since December 2011 and that they contacted

14   plaintiff's attorney repeatedly asking for any amended complaint to be filed in early 2012.

15   (Decl. of Bart E. Hightower, ECF 20-1 ¶¶ 2–4.)  Plaintiff does not respond to these assertions,

16   and plaintiff's attorney admits he did not provide a copy of the amended complaint to

17   defendants until April 25, 2013.  (Decl. of Daniel M. Karalash, ECF 19-3 ¶ 7.)  Plaintiff has

18   provided no explanation for his delay in seeking leave to amend his complaint for nearly two

19   years after the facts constituting retaliation became known to him, and nearly a year after

20   receiving a right-to-sue letter from the EEOC. Because plaintiff has not shown good cause for

21   modifying the scheduling order, the court denies the motion for leave to amend

22   /////

23   /////

24

25   warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss
     defendants who have not been served within 120 days after the filing of the complaint unless
26   plaintiff shows good cause, is applicable to Doe defendants.  *See Glass v. Fields*, No. 1:09-cv-
     00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive*
27   *Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal.
     Sep. 27, 2011).
28

IV.    CONCLUSION

        For the foregoing reasons, the court DENIES plaintiff's motion to amend his complaint.

        IT IS SO ORDERED.

DATED: July 31, 2013.

_____
UNITED STATES DISTRICT JUDGE