IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

PATRICK LAMBEY,

        Plaintiff,                    No. 2:11-CV-02392-KJM-KJN

   vs.

CALIFORNIA DEPT. INS., et al.,

        Defendants.               <u>ORDER</u>

_____/

      Defendant California Department of Insurance filed this ex-parte motion to amend the court's pretrial scheduling order on August 22, 2013. (ECF 43.) The scheduling order, issued on February 7, 2012, set September 20, 2013 as the deadline for hearing dispositive motions. (ECF 18.) Defendant seeks to extend this deadline by one week, to September 27, 2013, so that the court can consider its motion for summary judgment. Defendant seeks this ex-parte relief because, on August 21, 2013 it improperly noticed its motion for summary judgment to be heard on September 13, 2013, a date that did not comply with Local Rule 230(b)'s requirement that motions be heard "not less than twenty-eight (28) days after service and filing of the motion." September 13 is fewer than twenty-eight days after August 21. The court informed defendant of its error on September 22, 2013. (ECF 42.)

1  Because no other available hearing dates exist before this case's deadline for dispositive
2  motions, defendant seeks the instant relief.
3        Defendant's counsel argues good cause exists to grant the motion. Counsel
4  explains he originally intended to notice the motion to be heard on September 20, 2013;
5  through a phone call to chambers on August 19, 2013 counsel learned that September 20 was
6  not an available date for this court to hear civil motions. (ECF 43 at 2.) That same day, August
7  19, 2013, after counsel learned September 20 was not an available date, he miscounted the days
8  available to notice the hearing for the only available calendar day before the pretrial scheduling
9  order deadline: September 13, 2013. (*Id.* at 3.) Counsel further asserts that plaintiff will suffer
10 no prejudice because a September 27, 2013 hearing date will provide plaintiff more time to
11 respond to the motion. (*Id.*) Furthermore, defendant argues plaintiff was on notice as of July
12 29, 2013 that defendant would file a motion for summary judgment: the parties signed a
13 stipulation on that day agreeing that each side could file longer briefs in support of and in
14 opposition to defendant's anticipated motion for summary judgment. (*Id.*)
15        Plaintiff opposes the instant motion, arguing no good cause exists to modify the
16 scheduling order because defendant knew September 20 was the deadline for dispositive
17 motions. (ECF 44 at 3.) Plaintiff asserts defendant knew of this deadline because it was set in
18 the scheduling order and because the parties explicitly referenced it in their July 29, 2013
19 stipulation agreeing to file longer briefs. (*Id.*) Defendant should be held to its mistake,
20 plaintiff argues.
21        The court finds good cause exists to grant defendant's motion. FED. R. CIV. P.
22 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").
23 This is a complex case, as the parties recognized in seeking a stipulation to extend allowable
24 page limits in anticipation of defendant's motion for summary judgment. (ECF 22 at 2.)
25 Defendant's motion may help sharpen the issues for trial, serving the overarching purposes of
26 the Federal Rules of Civil Procedure. FED. R. CIV. P. 1 (the Rules "should be construed and
27 administered to secure the just, speedy, and inexpensive determination of every action and
28 proceeding"). Furthermore, plaintiff will suffer little prejudice: the parties' page-limit

1  stipulation demonstrates plaintiff knew defendant would shortly file a motion for summary
2  judgment. (ECF 22.) Plaintiff has now been served with the motion for summary judgment. A
3  September 27 hearing date, one week after the scheduling order deadline, will provide plaintiff
4  more than the twenty-eight days of notice required by the Local Rules.
5        Accordingly, the court amends the scheduling order to hear defendant's motion
6  for summary judgment on September 27, 2013 at 10:00 a.m.
7        IT IS SO ORDERED.
8  DATED: August 28, 2013.

                                       UNITED STATES DISTRICT JUDGE